ABRAHAM HEWLETT, APPELLANT, *v.* SAMUEL WOOD AND OTHERS, RESPONDENTS.

THE SAME, APPELLANT, *v.* THE SAME, RESPONDENTS.

*Chap. 238 of 1853 — issue of fact to be tried by jury in cause determined at Special Term — Supreme Court — jurisdiction of — Special Term cause not necessarily an equity cause.*

In an action brought under the provisions of chapter 238 of 1853, the cause is properly determined by the court at Special Term, but with the aid of a verdict of a jury to settle the questions of fact necessary to establish the title at law.

The Supreme Court, sitting at Special Term, has all the jurisdiction, both legal and equitable, conferred by the statute on the Court of Chancery and the former Supreme Court in proceedings for partition, and is to conduct the same, so far as they are applicable, in conformity with the provisions of the Revised Statutes.

A case is not necessarily an equity cause because on the Special Term calendar, and if there be an issue of fact in the case, the court may send it to a jury either upon a settlement of special issues or on the pleadings.

APPEAL from an order directing that issues be settled to be tried by a jury at circuit, and from an order settling such issues.

*E. T. Schenck*, for the appellants.

*Abraham Wakeman*, for the respondents.

DAVIS, P. J.:

The first of these appeals is from an order of the Special Term, directing that issues be settled to' be tried by a jury at circuit, and that the verdict of the jury thereon be certified to the Special Term for further proceedings in the action.

The second is from the settling of the issues upon the questions proposed by both parties. The action is brought under the provisions of chapter 238 of the Laws of 1853, which provide that heirs claiming by descent from an ancestor who died in possession, notwithstanding any apparent devise, may, whether they be in possession or not, prosecute an action for partition, provided they shall allege and establish in such action that the apparent devise is void.* The point made on the part of the appellants, is, that

* Session Laws of 1853, p. 526.

this action is one purely at law, in which all the issues joined by the pleadings go of course to the circuit for trial, there to be tried, and the whole controversy disposed of, as are ordinary issues at law; and that the Special Term of the court, as such, has no authority to try the action, or to make any order touching the issues therein.

We think this question ought to be regarded by us as *res adjudicata*. In an action for the same purpose, brought by the same plaintiff against the same defendants, and in which the same issues were made by the pleadings, the trial was noticed for a Special Term of the second district. A motion was there made for the settlement of issues to be tried by a jury, and denied by the court. On appeal to the General Term, it was held, Talcott, J., delivering the opinion, that the motion should have been granted by the Special Term, and the court reversed the order and directed that issues be settled in the usual manner, and tried by a jury.* This case, we think, must be regarded as settling that the action was properly on the Special Term calendar, to be disposed of by that court with the aid of a verdict of a jury to determine the questions of fact necessary to establish the title at law; and that the proceedings in partition, after such title should be established by a verdict, were properly to be conducted by the court sitting at Special Term. We think this view a correct one. All the powers conferred by the Revised Statutes, in proceedings for the partition of lands, upon the Supreme Court, and upon the Court of Chancery, are now concentrated in the Supreme Court.† The proceedings under the statute, when brought in the Supreme Court, were to be commenced by petition, to be presented to the court "on some certain day in term," and to be "served forty days previous to such term," on all the parties interested in the lands; upon which an order was to be made upon the parties interested to appear and show title, etc., and to answer the petition, and of the issues joined, if any were joined, they were to be tried as issues in personal actions, and after such trial the court was to ascertain from the verdict of the jury, and declare the rights, titles, and interests of the parties to such proceedings, and give judgment

* Hewlett v. Wood, 8 N. Y. S. C. R. (1 Hun), 478.
† 2 R. S., 316, title III, " Of the partition of lands owned by several persons."

in partition according to such rights.* By section 79, † the same power, upon petition or bill filed in that court, was conferred upon the Court of Chancery to decree partition and sales of lands, etc.

The Code has repealed the provisions authorizing the proceeding by petition or bill, and substituted proceedings by action, and made all the provisions of the Revised Statutes relating to the partition of lands, applicable to actions for such partition brought under the Code, so far as the same can be so applied to the substance and subject-matter of the action, without regard to form. ‡

The Supreme Court, sitting at Special Term, has therefore all the jurisdiction, both legal and equitable, conferred by the statute on the Court of Chancery and the former Supreme Court, in proceedings for partition, and is to conduct the same, so far as they are applicable, in conformity with the provisions of the Revised Statutes. It does not follow that such an action is a suit in equity because it is on the calendar and moved for hearing at the Special Term. It is before the Supreme Court, which may take such action as the condition of the pleadings and proceedings requires; and if there be issues of fact in the case, upon the result of which depends the title of any of the parties, it becomes the duty, and as I think, it is the right of the court, to send such issues to a trial by a jury either upon a settlement of special issues, or on the pleadings themselves; and, after the determination of that issue, to proceed in the action as provided by section 23 of the Revised Statutes. §

The orders should be affirmed with ten dollars costs of each appeal.

DANIELS and BRADY, JJ., concurred.

Orders affirmed, with ten dollars costs.

* 2 R. S., 317, § 1; 318, § 10; 319, § 13; 320, § 19; 321, § 23.
† 2 R. S., 329.      ‡ See Croghan v. Livingston, 17 N. Y., 225.      § *Ubi supra.*